*May Term,*
*1860.*

THE STATE
v.
KALB.

---

THE STATE *v.* KALB.

The offense of selling liquor to a minor is, the sale to the minor, not believing or having reason to believe him to be an adult.

A person prosecuted for the offense, may show that the person sold to was a stranger to him, and that his personal appearance would lead a person of common observation to believe him an adult, and that he represented himself as such; or if he know the person, but not his age, he may show that he is treated by his parents, his friends, and the community, as an adult.

APPEAL from the *Gibson* Court of Common Pleas.

PERKINS, J.—Prosecution for selling liquor to a minor. Acquittal.

*Friday,*
*June 8.*

On the trial, the Court permitted the defendant to prove that *James Welborn*, the minor to whom the liquor was sold, had the personal appearance of a man over twenty-one years of age.

This is complained of as error.

The statute prohibits the sale of liquor to a minor, and authorizes the sale to adults. It does not prescribe the mode by which the liquor-seller is to determine the question of age, and it may often be a difficult one.

Is the seller to ask every purchaser his age? Very well. Suppose the answer states it falsely, and the seller is thus led to sell to a minor? Again, is the seller to trace out the parents of every person, and inquire of them. Suppose they give false information, and thereby liquor is sold to a minor. The state is not the party giving the false information, and, hence, would not be estopped to prove, on the trial, the true age of the person to whom the liquor was sold. What rule must govern on this point? We think it must be that of belief. We think the offense consists in selling to a minor, not believing, or having reason to believe him to be an adult. *Prima facie*, the seller would be presumed to know, under the law, whether the person he sold to was a minor or an adult; and, in a case of doubt, he would, if he sold, take the hazard. But we think he might be permitted to show, on a prosecution for selling to a minor, that the person was a stranger to him, and that his personal appearance would lead any person of common observation to believe him, beyond doubt, an adult—that he represented himself as such, &c. So he might prove that a person whom he did know (but not his age), was treated by his parents or friends, and the community, as an adult. Such evidence would be for the jury to consider.

*Per Curiam.*—The judgment is affirmed.

*W. P. Edson*, for the state.