BEHLER *v.* THE STATE.

CRIMINAL LAW AND PRACTICE.—In a criminal case the record on appeal to this Court needs not to set forth the steps preliminary to the impanneling, swearing and charging of the grand jury.

SAME.—As to the right of a defendant in a criminal case, who has pleaded guilty, to have a jury called to assess his punishment, see the opinion at length.

APPEAL from the *Elkhart* Circuit Court.

WORDEN, J.—Indictment for retailing liquor without license. Plea of guilty, fine by the Court of 5 dollars, and judgment. Motions to quash, and, in arrest, were overruled.

The first objection made, is that the record does not show the impanneling of a grand jury, or the return of the indictment into Court by that body. An amended transcript sent up on *certiorari* shows these facts. It is also objected that the record does not show that the grand jury were duly sworn. The amended transcript shows that the grand jury "were duly sworn and charged by the Court."

But it is objected that the record does not show the certificate of the auditor containing the names of the grand jurors drawn by the board of commissioners, nor that it was recorded by the clerk on the order book, as provided for by section 6 of the act providing for the selection of grand jurors, &c., 2 G. & H. 432, nor that the pannel was filled according to section 10 of said act.

The record shows that the sheriff, in pursuance of a *venire facias* theretofore issued to him, brought into Court twelve persons, naming them, to serve as grand jurors, who were duly sworn and charged by the Court, &c., and that they afterwards returned into Court the indictment in question.

The 11th section of the act above cited, provides that "no plea in abatement, or other objection, shall be taken to any grand jury duly charged and sworn, for any alleged irregu-

larity in their selection, unless such irregularity, in the opinion of the Court, amounts to corruption, in which case such plea or objection shall be received."

By this section, it will be seen that no objection can be taken to the grand jury, duly charged and sworn, on account of any irregularity in their selection, in the absence of corruption; and for this reason, it seems to us clear, that the record need not set forth the steps preliminary to the impanneling, swearing and charging of the grand jury. If an irregularity, amounting to corruption, be charged by the defendant, he should show it by plea or otherwise.

But it is claimed that the defendant was entitled to have a jury impanneled to assess the amount of his punishment. The Court fixed the lowest amount of punishment, prescribed by law for the offence, of which the defendant pleaded guilty, and we can not see that a jury could have dealt more leniently with him. We shall not decide whether a defendant, who has pleaded guilty to a charge of felony or misdemeanor, would be entitled to have a jury to assess the punishment. In this case, the defendant waived that right, if the law would have given it to him. The fine was assessed by the Court without any objection being made, or exception taken in that respect. One of the reasons urged in arrest, was "that the Court had no authority to make a finding in the cause upon a plea of guilty, the cause not having been submitted to the Court for trial." Unless this language can be construed into an objection to the fine being assessed by the Court, no such objection was made, either at the time the fine was assessed, or afterwards.

The objection here urged being purely technical, as applied to this case, we are not inclined to extend the meaning of the language employed at all beyond its legitimate import. The Court made no finding in the cause. The objection did not go to the fixing of the amount of punishment, the defend-

ant's guilt having been admitted by plea, and there being no finding necessary to the fixing of the punishment.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. A. Woods,* for the appellant.

*Oscar B. Hord,* Attorney General, for the State.