## FARBACH v. THE STATE.

### TWO CASES.

SALE OF LIQUOR TO MINOR.—If the defendant claims that the sale of liquor to a minor was made in the *bona fide* belief that he was an adult, the burden of proof is upon him to show facts which will justify the inference of such a belief.

APPEAL from the *Marion* Circuit Court.

FRAZER, J.—The constitutional questions fully considered and decided in *Hingle* v. *The State*, at this term, are also made in these cases, and we decide them as in that case.

But there is here another question. There were indictments against a licensed vender of liquor for selling to a minor. The proof of the minority of the purchaser was clear, but it also appeared that he had a heavy, thick set, dark beard, and had voted. It is claimed that the evidence showed that the sale was made in the honest belief that the purchaser was of full age, and that therefore the verdict should have been for the defendant. We are not of opinion that we can disturb the verdict. It has been held that a sale of liquor to a minor, under the belief, entertained in good faith, that he was an adult, is not within the statute. *The State* v. *Kalb*, 14 Ind. 403. But the burden of proof on this subject is on the defendant, and to make out this defense he must show facts which will justify the inference of such *bona fide* belief. Then the question is for the jury, and we could interfere only in a very clear case. In the present instance, it appears that both resided in *Indianapolis;* that the purchaser was not a stranger to the defendant—at least, that he had, on other occasions, purchased liquor at the defendant's saloon, and for aught that appears, the defendant knew his age. In such cases the party must be held to pretty satisfactory proof of good faith, and this involves the exercise of his opportunities for ascertaining the truth, as well as the necessity of some kind of evidence that he did not probably know the age of the minor.

The judgment is affirmed, with costs.

*J. W. Gordon*, for appellant.