*R. L. Walpole*, for appellants.

*J. Coburn*, for appellee.

———————◆———————

RINEMAN *v.* THE STATE.

The statute prohibiting sales of liquor to minors was not intended to make the vender liable criminally, in cases where, upon the exercise of every reasonable caution, he should yet be imposed upon as to the age of the buyer, and should sell to him in perfect good faith.

APPEAL from the *Marion* Circuit Court.

FRAZER, J.—In addition to the questions in *Balke* v. *The State*, and other like cases, at this term, which are decided by us in those cases, this involves another question, upon which it must be reversed.

It was an indictment for selling liquor to a minor. The court charged the jury that it was a question of fact, and not of intention, and that if the defendant was deceived and imposed upon as to the age of the buyer, that circumstance would go in mitigation of the punishment, but could not justify an acquittal. The law has been held otherwise by this court, in several cases, and we think correctly. The question is, at least, not so clear as to justify us now in disturbing that line of decisions. It is true that the statute does not, in terms, create the exception, but it is, we think, the better opinion that it was not intended by the act to make the vender liable criminally, in cases where, upon the exercise of every reasonable caution, he should yet be imposed upon as to the age of the buyer, and should sell to him in perfect good faith. But this rule must not be so loosely applied as to open the way to evasions of the law.

It is more important that the young should be protected from temptation, than that those who have just reached their majority should be able to purchase with facility; and therefore the vender should be held to the exercise of great care and caution.

The judgment is reversed, and the cause remanded for a new trial.

*J. W. Gordon*, for appellant.