*J. U. Pettit*, for appellant.

———————◆———————

## BROWN *v.* THE STATE.

SALE OF LIQUOR TO MINORS—EVIDENCE.—In a prosecution for selling intoxicating liquor to a minor, the defendant asked the prosecuting witness to whom the liquor was alleged to have been sold, whether he had not voted at the general elections for two years past.

*Held,* that the evidence sought by the question was proper: 1st. To impeach the statement of the witness that he was a minor; and, 2d, as tending to show that defendant sold the liquor in the *bona fide* belief that the party was of age.

APPEAL from the *Marion* Circuit Court.

ELLIOTT, C. J.—Indictment for selling intoxicating liquor to a minor. Plea, not guilty; trial, conviction and judgment for the state. The defendant appeals.

The principal questions discussed in this case were ruled upon, and decided in favor of the state, in *Hingle* v. *The State*, at this term, and will not be further noticed here. One other question, however, is raised here, requiring a decision.

VOL. XXIV.—8

*William F. Little,* the prosecuting witness, and person to whom the intoxicating liquor is alleged to have been sold, testified that he would be twenty-one years of age on the 29th day of *July* then next. The defendant, upon cross examination, asked the witness whether he wore his beard at the time he purchased the liquors testified to by him, as long as it was at the time of the trial; at the same time calling attention to the fact that the witness' beard was thick set and long. The witness answered that "he did." The defendant then asked the witness "whether he had not voted for the last two years?" but the Court refused to permit the witness to answer the question, to which the defendant excepted.

This was error. We think the question was a proper one, and the fact intended to be elicited by it pertinent and legitimate, for two purposes.

*First.* One of the material facts necessary to be shown, to justify a conviction of the defendant, was that *Little* was under the age of twenty-one years at the time he purchased the liquor. He had sworn to that fact on his examination in chief, but his statement so made was not conclusive on the defendant; he had the right to rebut it, or discredit it, and it was certainly legitimate for him to test its correctness on cross examination, by such questions as might tend to discredit the statement, or show that it was not true in fact. We do not say that an affirmative answer to the question would necessarily have had that effect, but that it was legitimate evidence as tending to rebut the statement of the witness as to his age, we think is very clear.

It was proper for another reason. The defendant had the right to show in defense that he sold liquor to *Little* in good faith, believing at the time that he was over twenty-one years of age; and if *Little* had claimed and exercised the right to vote at the elections for two years prior to the time of the sale of the liquor to him, and that fact was known to the defendant at the time of the sale, it would certainly be a strong circumstance tending to show that the defendant

did, in good faith, believe him to be of age at the time of the sale. The question asked did not go to the point that the defendant knew that *Little* had voted, but it was legitimate as laying the proper foundation for another question on that subject, or the proof of his knowledge of the fact by other evidence.

The judgment is reversed, and the cause remanded for a new trial.

*J. W. Gordon,* for appellant.