## GOETZ v. THE STATE.

LIQUOR LAW.—*Sale to Minor.—Burden of Proof.*—Under the statute imposing
a fine upon one selling intoxicating liquor to a minor, a sale to a minor under
the belief, entertained by the seller in good faith, that the minor is an adult, is
not within the statute, but the burden of proof is on the seller to show in de-
fence such facts as will justify the inference of such *bona fide* belief.

SAME.—That the minor told the seller he was twenty-one years of age, is not
sufficient to justify such inference.

SAME.—Evidence that such minor had a beard simply, furnishes to the Supreme
Court no means of judging as to the apparent age of the minor.

APPEAL from the Marion Criminal Court.

WORDEN, J.—The appellant was indicted in the court be-
low for unlawfully selling intoxicating liquor to Frank Put-
nam, a minor.    Trial by the court, conviction and judgment,
a new trial being refused.

No question is made except as to the sufficiency of the
evidence to sustain the conviction.

The following is the evidence as set out in the bill of exceptions. Frank Putnam, being sworn, testified as follows: "Reside corner of Circle and Meridian streets; I know defendant well. Witness says he will be twenty years old to-morrow. I have purchased liquor and drank it at defendant's saloon; sometimes cider, sometimes beer, and sometimes soda; before the 14th of November I bought whiskey there; I drank before I went before the grand jury; sometimes I paid for it, sometimes I did n't; defendant was always in the saloon; I was before the grand jury about a month before, the month of November; it was about three or four weeks before I went before the grand jury; I bought a drink, a half glass full; I paid ten cents for it; this was in Marion county, State of Indiana; defendant's place of business is under the Palmer House in this city; he is keeping saloon."

Cross examined: "I have a beard; I told defendant I was twenty-one years old; I told him that a long while ago, five or six months ago; I know defendant not very long, six or seven months only; I have shaved for about four months; shaved two years ago; quit until about four months, when I commenced again."

This was all the evidence in the cause. It is urged by counsel for the appellant that the evidence is wholly insufficient. It should be observed, in order to form a correct understanding of the evidence, that the indictment was returned on the 15th of November, 1872, with the name of Frank Putnam indorsed thereon as the State's witness, and that the trial took place on the 31st of December, 1872.

We are of opinion that we should not disturb the finding on the evidence. The witness bought whiskey at the defendant's saloon before the 14th of November, but of what year is not in terms stated; but the witness proceeds to state that it was three or four weeks before he went before the grand jury. We think it reasonable to infer that he had reference to the time of his being before the grand jury to testify to facts on which the present indictment was based.

Again, the witness testifies that the defendant was always in the saloon; and still further, that he had only been acquainted with the defendant six or seven months.

This renders it clear that the sale was within the time limited by the statute for the prosecution. The witness says he bought a drink, half glass full, and paid ten cents for it. The counsel for the appellant say, what he bought is not stated, and ask, was it soda, beer, or whiskey? We think the evidence shows it to have been whiskey, for that is the article of which the witness had just been speaking, as having been bought by him before the 14th of November.

The most important question in the case is, whether the defendant was acting in good faith, supposing the witness to have been an adult at the time he sold him the whiskey. A sale of intoxicating liquor to a minor under the belief, entertained in good faith, that he was an adult, is not within the statute. But the burthen of proof on this subject is on the defendant; and to make out this defence, such facts must be shown as will justify the inference of such *bona fide* belief. *Farbach* v. *The State*, 24 Ind. 77; *Rineman* v. *The State*, 24 Ind. 80.

There is little or nothing in the evidence showing that the defendant had reasonable ground to believe that the witness was an adult at the time the liquor was sold, except that the witness had previously told him so. This was clearly not sufficient.

The witness, it appears, had a "beard" at the time of the trial. How exuberant may have been its growth, or how extensive its field, does not appear. It may, perhaps, be reasonable to infer that it was of but slight growth and scanty proportions, since he had abandoned the enterprise of shaving, which he had commenced two years before, and had recommenced about four months only before the trial. Amongst the Roman youth the *toga virilis* was assumed in the sixteenth year, and amongst modern youth the evidence of virility afforded by a beard is frequently, to a greater or less extent, exhibited at quite as early a period in life. We

have no means of judging as to the apparent age of the witness. We know from the evidence, assuming it to be true, that at the time of the trial he was, within a day, twenty years old; that he then had a beard, and that he had made efforts with the razor about two years before. Had his appearance as to age been such, or had there been such other circumstances as, in connection with his own statement to the defendant, might reasonably have imposed upon him and induced the honest belief that the witness was twenty-one, evidence thereof might have been, but was not, given.

The judgment below is affirmed, with costs.

*J. S. Harvey* and *F. J. Mattler*, for appellant.

*J. C. Denny*, Attorney General, for the State.