Farrell *v*. The State.

---

## FARRELL *v*. THE STATE.

CRIMINAL LAW.—*Sale of Intoxicating Liquor to Person in the Habit of Becoming Intoxicated.—Time.*—In a prosecution for selling liquor to a person in the habit of becoming intoxicated, if the affidavit states the offence to have been committed on or about a certain day, it will be sufficient.

CONSTITUTIONAL LAW.—*Act to Regulate Sale of Intoxicating Liquors.*—The nineteenth section of the act to regulate the sale of intoxicating liquors, approved February 27th, 1873, is constitutional and valid.

CRIMINAL LAW.—*Sale of Intoxicating Liquor to Person in the Habit of Becoming Intoxicated.*—On the trial of a person indicted for selling intoxicating liquor to a person in the habit of becoming intoxicated, the offence is made out when

it is proved that the person charged sold intoxicating liquor to a person in the habit of getting intoxicated. The State is not bound to prove, in such case, that the defendant sold the liquor to such person, knowing that he was in the habit of getting intoxicated.

SAME.—If the liquor was sold under the reasonable belief, entertained in good faith, that the person purchasing was not in the habit of getting intoxicated, such fact may be proved by the defendant, upon whom rests the burden of proof upon that subject.

From the Hamilton Circuit Court.

*D. Moss*, and *F. M. Trissal*, for appellant.

*J. C. Denny*, Attorney General, and *J. Stafford*, Prosecuting Attorney, for the State.

BUSKIRK, J.—The appellant was convicted in the court below, on a charge of selling intoxicating liquor to a person in the habit of getting intoxicated.

There was issue, trial by the court, and judgment on the finding in favor of the State, over motions for a new trial and in arrest of judgment.

The appellant assigned the following errors:

1. The court erred in overruling the appellant's motion to quash the affidavit upon which the prosecution was based.

2. The court erred in overruling the motion for a new trial.

3. The court erred in overruling the motion in arrest of judgment.

4. The court erred in taxing against appellant the costs which accrued before the justice of the peace.

The prosecution was commenced before a justice of the peace, and was based upon an affidavit in these words:

"STATE OF INDIANA, *Hamilton County, ss:*

"Before me, V. M. Arnett, a justice of the peace in and for said county, comes Amos G. Henshaw, and being first duly sworn, upon his oath says, that on or about the 30th day of October, 1873, at Hamilton county, in the State of Indiana, as affiant verily believes, one Edward Farrell did then and there unlawfully sell intoxicating liquor to Jerry Lynch, a person in the habit of getting intoxicated, contrary to the

form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

"H. S. HENSHAW."

The affidavit was duly sworn to and tested.

In the justice's court, the appellant was found guilty. He appealed to the circuit court, where he moved to quash the affidavit; but the motion was overruled, and this ruling presents the first question for our decision.

The objection urged to the affidavit is, that it does not sufficiently charge the time when the offence was committed. It is contended that it is not sufficient to charge that an offence was committed "on or about the 30th day of October, 1873," but that the precise time must be stated; and in support of this position, reference is made to *Clark* v. *The State*, 34 Ind. 436. That was a prosecution for selling intoxicating liquor on Sunday. The indictment charged "that the defendant, without license, on or about the —— day of July, 1869, which was the first day of the week, commonly called Sunday, at, etc., sold to one Ira Wood, intoxicating liquor, by a less quantity than a quart at a time, for the sum of ten cents."

We have the following statutory provision in reference to the allegation of time, in indictments and informations: "The precise time of the commission of an offence need not be stated in the indictment or information; but it is sufficient if shown to have been within the statute of limitations, except where time is an indispensable ingredient of the offence." 2 G. & H. 402, sec. 56.

The purpose was, in the above case, to charge the commission of the offence on Sunday; and therefore "time was an indispensable ingredient in the offence;" and the indictment was held bad, because it did not state the day of the month, and not because it was averred that the offence was committed "on or about" such a day. In the present case, it is sufficient to allege and prove that the offence was committed on any day within the statute of limitations.

In *Hampton* v. *The State*, 8 Ind. 336, the crime was charged to have been committed "on or about the 30th of December,"

etc., and the court held that the words "or about" were immaterial and mere surplusage, making no difference in the proof required, nor working any prejudice to the rights of the defendant. The ruling in the above case was adhered to and followed in the subsequent cases of *Hardebeck* v. *The State,* 10 Ind. 459, and *Hizer* v. *The State,* 12 Ind. 330. In *Clark* v. *The State, supra,* the case of *Hampton* v. *The State, supra,* is referred to, reviewed, and the ruling in express terms approved. The objection to the affidavit is untenable. Besides, the affidavit is in exact conformity to the form prescribed by the nineteenth section of the act of February 27th, 1873, and which is, in express terms, declared to be sufficient in criminal proceedings under that act, before justices of the peace and mayors.

And this brings us to the examination of the next objection urged to the sufficiency of the affidavit. It is insisted by counsel for appellant, that the nineteenth section of the above recited act is in violation of sec. 19, art. 4, of the constitution of the State, because, first, there is no expression in the title of the act to indicate that it is an act relating to the rules of "practice, pleading, and forms in criminal actions;" and, second, that if the title is comprehensive enough to embrace section 19, then the act will embrace two subjects, the one "regulating the sale of intoxicating liquors," and the other "the practice, pleading, and forms in criminal actions."

The last clause of the title of the liquor law of 1859 is: "and providing penalties for the violation thereof." The fourteenth section of that act conferred upon the circuit and common pleas courts jurisdiction to hear and determine all complaints for the violation of any of the provisions of such act.

This court in *Thomasson* v. *The State,* 15 Ind. 449, held, that such subject was properly connected with the general subject mentioned in the title, and that it was competent not only to create an offence, but to confer jurisdiction upon the courts named, to hear and determine all such complaints, although there was nothing in the title in relation to the jurisdiction to try such offences. The ruling in the above

case was in *Lauer* v. *State*, 22 Ind. 461, by a *per curiam* opinion, overruled; but in the subsequent case of *Reams* v. *The State*, 23 Ind. 111, the opinion in 22 Ind., *supra*, was overruled, and the doctrine enunciated in *Thomasson* v. *The State*, *supra*, was reasserted, and such has been the uniform ruling ever since.

We entertain no doubt that the nineteenth section of the act in question is constitutional and valid. In our opinion, the court committed no error in overruling the motion to quash the affidavit.

We proceed to inquire whether the court erred in overruling the motion for a new trial.

The evidence given upon the trial was as follows :

Jerry Lynch testified as follows: "I bought a pint of whiskey of the defendant, on the 30th day of October, 1873, in Hamilton county, Indiana. Paid the defendant fifty or sixty cents for it. I have been in the habit of getting intoxicated sometime ago, but don't like to say how it is now, as it might criminate myself. I had been living in Ohio about one year previous to last spring; lived in Westfield, six miles away from Noblesville, where the defendant lived, and from his place of business. Had no acquaintance with the defendant previous to the time of buying the whiskey. Was not under the influence of whiskey when I bought the liquor of defendant."

H. S. Henshaw testified: "I am acquainted with the character of Jerry Lynch, as to his habits of getting intoxicated; have seen him intoxicated four or five times during the last summer and fall, previous to October 30th, 1873. I live in Westfield, where Lynch resides."

Oliver Fisher testified: "I am acquainted with the witness, Jerry Lynch. Saw him intoxicated three times during last summer and fall; and the occasion of the 30th of October, 1873, makes the fourth time I saw him intoxicated during the summer and fall. I reside in Westfield, where Lynch resides."

J. C. Pfaff testified: "I am acquainted with the habits of

Farrell *v.* The State.

Jerry Lynch, as to his getting intoxicated. Saw him intoxicated two or three times during last summer. I live in Westfield."

The appellant, Edward Farrell, then introduced himself, and testified as follows: "I never saw the man before he came for the whiskey in controversy. Saw no signs of intoxication about him. Was not acquainted with him, nor in the town where he resides, when he got the whiskey."

The evidence very conclusively establishes the fact, that the appellant sold to Jerry Lynch, who was in the habit of getting intoxicated, a pint of whiskey; and the question is presented whether the evidence sufficiently made out the offence. It is contended by counsel for appellant, that to make out the offence, the State was required to prove that the appellant knew, or had reason to believe, at the time he sold the liquor, that Lynch was in the habit of getting intoxicated.

It is, on the other hand, insisted by counsel for the State, that the evidence conclusively established the guilt of the appellant; that he sold the whiskey in question at his peril; that the appellant is conclusively presumed to have known the habits of Lynch, and that he cannot be heard to show that he acted in good faith, believing, and having a right to believe, that Lynch was not in the habit of getting intoxicated.

The section of the statute upon which the prosecution is founded reads as follows:

"Sec. 6. It shall be unlawful for any person, by himself, or agent, to sell, barter, or give intoxicating liquors to any minor, or to any person intoxicated, or to any person who is in the habit of getting intoxicated."

It is provided by the fourteenth section of said act, that "for every violation of the provisions of the first and sixth sections of this act, the person so offending shall forfeit and pay a fine of not less than ten dollars nor more than fifty dollars, or be imprisoned in the jail of the county not less than ten nor more than thirty days."

The section does not, in express terms, to make the offence

complete, require that the person selling should know, or have reason to believe, that the person to whom he sells was in the habit of getting intoxicated. What, then, is the proper construction of such section? Is it to receive a literal construction, and is the person selling to be conclusively presumed to have known the habits of the person to whom he sells? or may the accused be permitted to show that he acted in good faith, believing, and having reasonable ground to believe, that the person to whom he sold was not in the habit of getting intoxicated? And if the question of good faith is to be inquired into, then what will constitute sufficient evidence of such good faith?

The ninth section of the act of March 5th, 1859, was as follows:

"Sec. 9. Every person who shall, directly or indirectly, knowingly sell, barter or give away any intoxicating liquor to any person who is in the habit of being intoxicated, after notice shall have been given him by the wife, child, parent, brother or sister, of such person, or by the overseer or overseers of the poor of the township where he resides, that such person is in the habit of being intoxicated, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than five nor more than fifty dollars."

By the above section, it was expressly provided, that the person selling should not be deemed guilty, unless he had received the notice therein provided. It was plainly and obviously the purpose of the legislature to change the law in that regard. The sixth section of the present law is, in substance, the same as the eleventh section of the act of March 5th, 1859. That section was, that "if any person shall sell, barter or give away any intoxicating liquors to any person under the age of twenty-one years, or to any person at the time in a state of intoxication, the person so offending shall be fined not less than five nor more than one hundred dollars, to which the court or jury trying the cause may add imprisonment in the county jail for any determined period not exceeding thirty days."

It is to be presumed that the legislature, in placing the selling of intoxicating liquors to persons in the habit of getting intoxicated upon the same footing as that of selling to minors, and persons at the time in a state of intoxication, did so with knowledge of, and in reference to, the construction which this court had placed upon the eleventh section of the act of March 5th, 1859.

In this view, it becomes necessary to ascertain what construction was placed on such section, in reference to selling to minors. The case of *The State* v. *Kalb* was the first case under that section which came before this court, and will be found in 14 Ind. 403. The court say:

" The statute prohibits the sale of liquor to a minor, and authorizes the sale to adults. It does not prescribe the mode by which the liquor seller is to determine the question of age, and it may often be a difficult one.

"Is the seller to ask every purchaser his age ? Very well. Suppose the answer states it falsely, and the seller is thus led to sell to a minor. Again, is the seller to trace out the parents of every person, and inquire of them? Suppose they give false information, and thereby liquor is sold to a minor. The State is not the party giving the false information, and, hence, would not be estopped to prove, on the trial, the true age of the person to whom the liquor was sold. What rule must govern on this point? We think it must be that of belief. We think the offence consists in selling to a minor, not believing, or having reason to believe him to be an adult. *Prima facie*, the seller would be presumed to know, under the law, whether the person he sold to was a minor or an adult; and, in a case of doubt, he would, if he sold, take the hazard. But we think he might be permitted to show, on a prosecution for selling to a minor, that the person was a stranger to him, and that his personal appearance would lead any person of common observation to believe him, beyond doubt, an adult—that he represented himself as such, etc. So he might prove that a person whom he did know (but not his age) was treated by his parents or friends,

and the community, as an adult. Such evidence would be for the jury to consider."

The question again came before the court in *Farbach* v. *The State*, 24 Ind. 77, where the court use this language: " The proof of the minority of the purchaser was clear, but it also appeared that he had a heavy, thick-set, dark beard, and had voted. It is claimed that the evidence showed that the sale was made in the honest belief that the purchaser was of full age, and that therefore the verdict should have been for the defendant. We are not of opinion that we can disturb the verdict. It has been held that a sale of liquor to a minor, under the belief, entertained in good faith, that he was an adult, is not within the statute. *The State* v. *Kalb*, 14 Ind. 403. But the burden of proof on this subject is on the defendant, and to make out this defence he must show facts which will justify the inference of such *bona fide* belief. Then the question is for the jury, and we could interfere only in a very clear case. In the present instance, it appears that both reside in Indianapolis ; that the purchaser was not a stranger to the defendant—at least, that he had, on other occasions, purchased liquor at the defendant's saloon, and for aught that appears, the defendant knew his age. In such cases the party must be held to pretty satisfactory proof of good faith, and this involves the exercise of his opportunities for ascertaining the truth, as well as the necessity of some kind of evidence that he did not probably know the age of the minor."

The same question was again considered by this court, in *Rineman* v. *The State*, 24 Ind. 80, where the court say : " It was an indictment for selling liquor to a minor. The court charged the jury that it was a question of fact, and not of intention, and that if the defendant was deceived and imposed upon as to the age of the buyer, that circumstance would go in mitigation of the punishment, but could not justify an acquittal. The law has been held otherwise by this court, in several cases, and we think correctly. The question is, at least, not so clear as to justify us now in disturbing that

line of decisions. It is true that the statute does not, in terms, create the exception, but it is, we think, the better opinion that it was not intended by the act to make the vendor liable criminally, in cases where, upon the exercise of every reasonable caution, he should yet be imposed upon as to the age of the buyer, and should sell to him in perfect good faith. But this rule must not be so loosely applied as to open the way to evasions of the law. It is more important that the young should be protected from temptation, than that those who have just reached their majority should be able to purchase with facility; and therefore the vendor should be held to the exercise of great care and caution."

The last expression of opinion by this court upon the point in question will be found in *Goetz* v. *The State*, 41 Ind. 162. It is said:

"The most important question in the case is, whether the defendant was acting in good faith, supposing the witness to have been an adult at the time he sold him the whiskey. A sale of intoxicating liquor to a minor under the belief, entertained in good faith, that he was an adult, is not within the statute. But the burthen of proof on this subject is on the defendant; and to make out this defence, such facts must be shown as will justify the inference of such *bona fide* belief. *Farbach* v. *The State*, 24 Ind. 77; *Rineman* v. *The State*, 24 Ind. 80."

Applying to the present case the same rule which has been uniformly applied in case of a sale to a minor, we are of opinion that the offence is made out when it is proved that the person charged sold intoxicating liquor to a person, who is proved to have been in the habit of getting intoxicated. The State is not required to prove that the defendant sold the liquor to such person knowing that he was in the habit of getting intoxicated. If the liquor was sold under the reasonable belief, entertained in good faith, that the person purchasing was not in the habit of getting intoxicated, such fact may be proved by the defendant, upon whom rests the burden of proof on this subject. Then the question is for

the court or jury trying the cause. The question of the good faith of the defendant being one of fact, more than of law, no fixed and definite rules can be laid down in advance for the government of the court or jury in the trial of such cases. But we think it may be safely said, that if it should be proved that the defendant had no personal acquaintance with or previous knowledge of the habits of the person who applies for the purchase of liquor, and who is at the time sober and exhibits on his person none of the usual indications resulting from habits of intoxication, he may sell to him without making any inquiry into his habits of sobriety or intoxication. If, on the other hand, the vendor, from his personal acquaintance with, or knowledge of the habits of, or from the condition or appearance of, a person who applies to purchase intoxicating liquor, has reason to believe that such person is in the habit of getting intoxicated, he would not be justified in selling to him, until he had by reasonable inquiry ascertained that the person so applying was not in the habit of getting intoxicated. Whenever the vendor is put upon inquiry, he should be held to pretty satisfactory proof of good faith.

In our opinion, there was nothing in the evidence in the present case to put a reasonably prudent and cautious man upon inquiry. The appellant had no personal acquaintance with Lynch, or any knowledge or information as to his habits. Lynch was at the time sober, and there was nothing in his person indicating that he was in the habit of getting intoxicated. He seems to have been a stranger in the town where the liquor was sold.

The judgment is reversed; and the cause is remanded for a new trial, in accordance with this opinion.