## ALLISON *v.* THE STATE.

LIQUOR LAW.—*Evidence.*—In a prosecution for selling intoxicating liquor to a person in the habit of getting intoxicated, it is not necessary on the part of the State to prove that the defendant had knowledge of such habit of the person to whom the liquor was sold. His want of such knowledge may be shown in defence.

From the Blackford Circuit Court.

*W. H. Carroll*, for appellant.

*J. C. Denny*, Attorney General, for the State.

PETTIT, J.—This was a prosecution for selling intoxicating liquor to a person in the habit of getting intoxicated.

The only assignment of error is the overruling of a motion for a new trial. · The reasons for a new trial are:

1. The admission of illegal testimony, with a proper reference to the names of the witnesses whose evidence it is alleged was improperly admitted.

2. The verdict of the jury is contrary to law.

3. The verdict of the jury is contrary to the evidence.

The only evidence to establish the sale of the liquor was this:

Mrs. Campbell testified: "I don't know Henry Williams, except I saw him; I was sitting in the saloon between the hours of seven and nine o'clock, A. M., on the 16th day of April, 1874; Henry Williams came in and said, 'I want some more of that good whiskey,' when defendant drawed a small flask full from a keg from under the counter."

Fanny A. Dowell testified: "Know Henry Williams; Williams came in and asked defendant for a little more of that good whiskey; defendant asked what kind he wanted; he said, 'that good.'"

Henry Williams is the person to whom the liquor is charged to have been sold by the appellant, but the evidence does not show or prove that the appellant sold, gave, or delivered any liquor to him. For this want of evidence, the motion for a new trial should have been sustained. It is insisted by counsel for appellant, that the evidence does not show that the defendant had knowledge of the habits of Williams. This is true; but this court has held in *Farrell* v. *The State*, 45 Ind. 371, that this proof is not necessary on the part of the State, but that the defendant may show it as a defence or excuse.

The judgment is reversed, with instructions to grant a new trial.