Ward v. The State.

| 48 | 289 |
|----|-----|
| 133 | 311 |

| 48 | 289 |
|----|-----|
| 154 | 615 |
| 155 | 440 |

48   289
171    8

## WARD v. THE STATE.

PLEADING.—*Abatement.*—Answers in abatement are not favored in law. They must allege every fact necessary to their sufficiency. No presumptions of law or fact are indulged in their favor.

SAME.—*Grand Jury.*—An answer in abatement in a criminal cause, showing that at the June term, 1873, the board of county commissioners selected a grand jury to serve at the September term, 1873, of the circuit court, and also a grand jury to serve at the May term, 1874, and also that at a special session of the board, on the 2d day of February, 1874, a grand jury was selected for the February term, 1874, of the same court, does not show that the latter jury, for the February term, 1874, was illegally selected.

SAME.—An allegation in a plea of abatement to an indictment, that the record of the board of county commissioners does not show that the grand jury that found the indictment was selected by lot, does not show that the jury was illegally selected. The traverse of such allegation would put in issue the contents of the record, not the fact as to the manner of selection.

SAME.—An objection by answer in abatement cannot be taken to a grand jury duly charged and sworn, for any irregularity in their selection, unless the irregularity amounts to corruption; and the facts relied on to show corruption must be alleged.

COUNTY COMMISSIONERS.—*Presumption of Law.*—The proceedings of a board of county commissioners are presumed to be correct, until the contrary is clearly shown.

CRIMINAL LAW.—*Indictment.*—*Selling Liquor to Minor.*—It is not necessary, in an indictment for selling liquor to a minor, to allege that the defendant knew the purchaser to be under the age of twenty-one years.

From the Porter Circuit Court.

*T. J. Merrifield, W. Johnston,* and *H. Binnaman,* for appellant.

*J. C. Denny,* Attorney General, *C. A. Buskirk,* Attorney General, *R. D. Doyle,* and *T. J. Wood,* for the State.

BIDDLE, J.—Indictment for selling intoxicating liquor to a minor. Answer in abatement. Demurrer to answer in abatement sustained. Plea not guilty. Jury waived. Trial by the court. Finding guilty. Fine ten dollars. Motion for a new trial overruled. Exception. Judgment. Appeal.

The errors assigned are:

1. Overruling the motion for a new trial.

2. Sustaining demurrer to answer in abatement.

3. Overruling motion to quash the indictment.

We will notice the points in the order in which they occur in the record.

The answer in abatement is as follows: That at the June session, 1873, of the Board of Commissioners of Porter County, said board duly and legally selected two sets of grand jurors, as follows, to wit: (naming the twelve men), all reputable householders and freeholders of said county, and competent to serve as grand jurors; which said grand jurors were selected by said board to serve at the September term, 1873, of the Porter Circuit Court; and said board of commissioners, at their session aforesaid, did in like manner select as grand jurors to serve at the May term, 1874, of the said Porter Circuit Court, the following reputable householders and freeholders of said county, to wit: (naming the twelve men), all of whom were and are good and lawful men, and competent to serve as such grand jurors; that on the 2d day of February, 1874, the said board of commissioners met in special session for the purpose of select-

ing a grand jury for the February term, 1874, of this court, and then and there selected the following named persons, to wit: (naming the twelve men), but the record of said board does not show that said persons were selected by lot, as required by law; that the said last named persons were summoned to appear at the February term, 1874, of this court, to act as grand jurors; that Thomas G. Lytle, Gilbert Harris, Theophilus Crumpacker, Aretus Lansing, Olcott Dillingham, John W. Paramore, J. B. Decrow, and Samuel C. Hackett attended in obedience to said summons, but the remainder of said jurors failed to attend, and the court appointed in their place and stead the following named persons, to wit: Levi A. Cass, E. J. Jones, George W. Babcock, and Enoch Baum; and the panel so filled constituted the panel of persons assuming to act as grand jurors, who found and presented the said indictment against the defendant; wherefore the defendant says, that said indictment was not found and presented by a duly and legally selected grand jury, having authority in law to find and present the same.

The appellant contends, that at the time the board of commissioners selected the grand jury at their special session held on the 2d day of February, 1874, there was already in existence in Porter county a duly and legally selected grand jury. He also contends that the persons who presented the indictment, assuming to act as grand jurors, were not selected by lot as required by law. Further, he claims that there cannot be two legal grand juries in the same county, at the same time; and that any substantial deviation from the mode prescribed by law for the selection of grand juries is fatal to their very entity, and is, in law, equivalent to corruption. He cites, in support of his views, *Vattier* v. *The State*, 4 Blackf. 73, *The State* v. *Freeman*, 6 Blackf. 248, and *The State* v. *Herndon*, 5 Blackf. 75.

Answers in abatement are not favored in law. They must allege every fact necessary to their sufficiency. No presumptions of law or fact are allowed in their favor. If there was a legally selected grand jury in Porter county, for the February

term, 1874, of the Porter Circuit Court, unless it be the one selected at the special session, February 2d, 1874, the appellant has not shown the fact in his answer in abatement. He has shown us that at the June session of the board of commissioners, 1873, they selected a grand jury to serve at the September term, 1873, of the Porter Circuit Court; and also, that at the same session they selected another grand jury to serve at the May term, 1874, of said Porter Circuit Court; but which of these panels he claims to have been the legal grand jury for the February term, 1874, of the Porter Circuit Court, he does not inform us. We know of no law making either of these panels a legal grand jury to serve at the February term, 1874, of the court in which the indictment was found. A grand jury must be selected for each term of the circuit court. See 2 G. &. H. 432, sec. 7. Nor does the answer in abatement show us that the grand jury selected by the board at their special session held on the 2d day of February, 1874, were not legally selected; it shows us that " the record of said board does not show that said persons were selected by lot as required by law." This averment, if traversed, would put in issue only the contents of the record, not the fact that the board did not select the grand jury by lot, as required by law.

Besides, it is enacted by statute (2 G. & H. 433, sec. 12), that "no plea in abatement or other objection shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity, in the opinion of the court, amounts to corruption." See, also, *Behler* v. *The State*, 22 Ind. 345. It would be an unsafe opinion of a court, that, from the irregularity shown in this answer in abatement, would presume corruption in the board of commissioners in selecting a grand jury. Fraud or corruption is never presumed. The facts which constitute it must be alleged. And the proceedings of a board of commissioners are presumed to be correct until the contrary is clearly shown. We do not think the authorities cited by the appellant sustain his views; besides, those cases were decided under the common law practice, before the enactment of our present

code of procedure, and when there was no such healing stat-
ute as sec. 12, cited above. And we think that even under
that practice the present answer in abatement would have been
insufficient. *The State* v. *Newer*, 7 Blackf. 307.

The only point taken by the appellant against the sufficiency
of the indictment is, that it contains no averment that the
defendant knew said Mink, the minor to whom the liquor was
alleged to have been sold, to be under the age of twenty-one
years. Perhaps it would be enough to say that the statute
under which the defendant was indicted does not use any such
words in the definition of the offence; but it has been fre-
quently decided by this court, that if a defendant had good
reasons to believe the purchaser was not a minor, he might
show such facts in his defence. *The State* v. *Kalb*, 14 Ind.
403; *Farbach* v. *The State*, 24 Ind. 77; *Goetz* v. *The State*,
41 Ind. 162. We think the indictment is good.

The appellant insists that the overruling of the motion for a
new trial was clearly erroneous, because there was not suffi-
cient evidence given on the trial to support the verdict. This
question is not properly brought before us, as the bill of excep-
tions does not show that it contains all the evidence given in
the case. This ruling has been so often made by this court
that citations of authorities have become unnecessary.

The judgment is affirmed.