Payne v. The State.

———◦◦◦———

No. 9077.

PAYNE v. THE STATE.

LIQUOR LAW.—*Sale to Minor.*—*Quantity Sold.*—*Statute Construed.*—*When Sale not Violation of Law.*—Section 13 of the liquor law of 1875, 1 R. S. 1876, p. 869, prohibits the sale of intoxicating liquor, in any quantity, to a minor, to be drank as a beverage, either on or off the premises of the seller, whether he be licensed to sell or not; but such section, construed with other provisions of the act, does not prohibit sales to minors for sacramental, medicinal, mechanical or business purposes.

SAME.—*Indictment.*—As a general rule, it is sufficient to charge an offence in the language of the statute by which the offence is defined.

SAME.—*Defence.*—*Justification.*—Excuses and justifications for selling intoxicating liquor to a minor are matters of defence, and it is not necessary for an indictment to allege that they do not exist.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*D. P. Baldwin*, Attorney General, and *M. S. Mavity*, Prosecuting Attorney, for the State.

ELLIOTT, J.—The indictment upon which the appellant was tried and convicted charges that the appellant "did unlawfully sell to one Lute H. Gaskins, who was then and there a person under twenty-one years of age, one quart of intoxicating liquor, at and for the price of one dollar."

The contention of appellant's counsel is that the indictment is bad, because it does not aver that the quantity of liquor sold was less than a quart.

The section of the statute upon which the indictment is founded is as follows: "If any person shall sell, barter or give away, directly or indirectly, any spiritous, vinous or malt liquors, to any person under the age of twenty-one years, he shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than ten nor more than fifty dollars."

If this section is to be taken as an independent and distinct enactment, standing apart from the other sections of the statute of which it forms a part, then it must be held to absolutely prohibit all sales of intoxicating liquor to persons under twenty-one years of age. One section of a statute can not, however, be isolated from all others, unless there are express words so requiring, and there are no such words in the statute under consideration. The section quoted must be taken in connection with the other provisions of the statute in which it is written.

Construing, as we must, section 13 in connection with the other provisions of the statute, we are brought to the conclusion that the Legislature did not mean to prohibit all sales to minors. What is meant is, that no person, whether licensed to sell liquor or not, shall sell intoxicating liquor to a minor

for use as a beverage. The evident intention of the statute is to prevent licensed or unlicensed dealers from supplying· persons of non-age with intoxicating liquor for use as a beverage, whether on or off the premises of such dealers. It was not intended to prohibit minors from buying intoxicating liquor for sacramental, medicinal, mechanical or business purposes,

The construction which we have given the statute, and which it is clear is the only one it will bear, does not, however, lead to the conclusion that the indictment is bad. In our opinion the indictment states such facts as show a violation of the statute, for it shows the performance of an act which the statute expressly forbids. The words of the statute are used in charging the offence, and it is a familiar general rule that it is sufficient to charge an offence in the language of the statute by which the offence is defined. That there are some exceptions to this general rule is true, but it is equally true that this case does not fall within any of these exceptions. There is a full and accurate description of the offence in the indictment under examination ; time, place, persons and the character of the acts constituting the offence are all fully stated.

The facts stated in the indictment make a case within the statute ; and if there are any facts constituting a defence, the accused must show them. The State is not bound to anticipate defences and aver facts rendering them unavailing. Excuses and justifications must come in by way of defence ; there is no such a presumption of their existence as requires the State to allege that they do not exist. The rule which we here declare is in harmony with *Ward* v. *The State*, 48 Ind. 289 ; *Goetz* v. *The State*, 41 Ind. 162 ; *Farbach* v. *The State*, 24 Ind. 77 ; *The State* v. *Kalb*, 14 Ind. 403 ; *The State* v. *Hartfiel*, 24 Wis. 60. It was held, in the cases cited, that the want of knowledge that the purchaser was a minor was a matter of defence ; and, upon the reasoning

which sustains that conclusion, it must be held that other matters of excuse or justification are also matters of defence.

In holding, as we do, that such sales of intoxicating liquor to a minor, as that described in the indictment under mention, are *prima facie* violations of the law, we do not mean to hold that proper matter of justification or excuse may not be shown in defence. Upon the contrary, we decide, as already indicated, that a sale to a minor for a lawful business purpose, or for sacramental, medicinal, or mechanical purposes, would not be a violation of the law. The cases of *Arbintrode* v. *The State*, 67 Ind. 267, and *Grupe* v. *The State*, 67 Ind. 327, do sustain appellant's contention upon this precise point, but to this extent these cases are built entirely upon *The State* v. *Zeitler*, 63 Ind. 441. The latter case is overruled by *The State* v. *Corll*, 73 Ind. 535. The fall of *The State* v. *Zeitler* carries down so much of the cases referred to as rests upon it. We have approved the cases mentioned in very recent decisions, upon several points, and we are not to be understood as disapproving them except in so far as they may directly conflict with the decision here made.

The quantity of liquor sold is not the controlling element of the offence, as it is where the charge is for retailing liquor without a license. In the former case the controlling element is the purpose for which the purchase was made. It is certainly quite as injurious to the morals and welfare of a child to sell it a quart of whisky as it is to sell it a gill, and no more. The object of the statute obviously is to keep from persons of non-age all intoxicating liquors, and not to permit such persons to buy them for use as a beverage, in any quantity great or small.

Judgment affirmed, at costs of appellant.

Petition for a rehearing overruled.