## THE STATE OF KANSAS v. HARRY HARP.

1. MURDER; *Averment of Time, Sufficiently Certain.* Where an information for murder alleges the offense was committed "on or about the 11th day of August, 1882," the words "or about," in view of the provisions of our criminal code, may be treated as surplusage, and the averment in the information as to time is sufficiently certain and specific. (Crim. Code, §§ 105, 110; *The State v. Barnett*, 3 Kas. 250.)

2. DESCRIPTION OF OFFENSE; *Conviction Sustained.* Where an information alleges that "one H., on August 11, 1882, at and within the county of C., with a deadly weapon, to wit, a large knife or dirk, which he, the said H., then and there held in his hand, and then and there did strike at and upon the body of one B., and did then and there willfully, delib-

erately, premeditatedly, and with malice aforethought, cut and stab the said B. in the abdomen, thereby inflicting upon the body of the said B. one certain mortal wound, whereof he, the said B., then and there died wherefore, it is hereby charged that the said H., on August 11, 1882, at and within the county of C. and state of Kansas, did willfully, feloniously, deliberately and premeditatedly kill and murder the said B., contrary to the statute in such case made and provided, and against the peace and dignity of the state of Kansas, and is therefore guilty of the offense of murder in the first degree," *held,* the information is sufficient, as against a motion in arrest of judgment, to sustain a conviction of murder in the second degree.

## *Appeal from Chautauqua District Court.*

THE appellant, *Harry Harp,* was convicted of murder in the second degree, at the November Term, 1883, of the district court, and sentenced to confinement and hard labor in the penitentiary of the state for a period of ten years. The following is a copy of the information, (omitting caption and verification):

"I, Ben. S. Henderson, county attorney in and for the said county of Chautauqua, state of Kansas, in the name and by the authority of the state of Kansas, come now here and give the court to understand and be informed that one Harry Harp, on or about the 11th day of August, 1882, at and within the said county of Chautauqua, with a deadly weapon, to wit, a large knife or dirk, which he, the said Harry Harp, then and there held in his hand, and then and there did strike at and upon the body of one August Bendrup, and did then and there willfully, deliberately, premeditatedly and with malice aforethought, cut and stab said August Bendrup in the abdomen, thereby inflicting upon the body of the said August Bendrup one certain mortal wound, whereof he, the said August Bendrup, then and there died. Wherefore, it is hereby charged that the said Harry Harp, on or about the 11th day of August, 1882, at and within the county of Chautauqua and state of Kansas, did willfully and feloniously, deliberately and premeditatedly kill and murder the said August Bendrup, contrary to the statute in such case made and provided, and against the peace and dignity of the state of Kansas, and is therefore guilty of the offense of murder in the first degree."

After the verdict the appellant moved in arrest of judg-

32 — 31 KAS.

ment, for the reason that the information charges no offense under the statute. The motion was overruled, and the appellant excepted. He appeals.

*M. B. Light,* and *W. P. Hackney,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

The opinion of the court was delivered by

HORTON, C. J.: I. It is insisted that the information is insufficient, in that it fails to state with certainty the time the fatal assault was made, the time when the fatal wound was inflicted, or when the same caused death. Further, it is insisted that the information does not. fix or state a day or year upon which the alleged offense was committed. The information alleges that whatever was done unto the deceased was "on or about the 11th day of August, 1882," and that "the said August Bendrup then and there died." In view of the provisions of our criminal code, the words "or about" have no meaning in the information, and may properly be treated as surplusage. They could have made no difference in the proof required, and could in no way have prejudiced the defendant's rights. (Crim. Code, §§ 105, 110; *The State v. Barnett,* 3 Kas. 250; *The State v. Tuller,* 34 Conn. 280; *Hampton v. The State,* 8 Ind. 336; *The People v. Littlefield,* 5 Cal. 355; *The People v. Kelly,* 6 id. 210; *Forrell v. The State,* 45 Ind. 371; *The State v. Elliott,* 34 Tex. 148.)

Treating the words "or about" as mere surplusage, the information charges the assault was made on August 11, 1882, that the fatal wound was inflicted on August 11, 1882, and that the deceased died on August 11, 1882.

II. It is contended that the information states and describes three acts or things done by the defendant, and three only, and that these acts or things are separately stated and have no connection with each other; that the three acts or things stated are, "the defendant then and there held in his hand a large knife or dirk," and "then and there did strike at and

upon the body of one August Bendrup," and "did then and there . . . cut and stab the said August Bendrup in the abdomen." The information in fact charges, among other things, that the defendant, "on August 11, 1882, did willfully, deliberately, premeditatedly, and with malice aforethought, cut and stab the said August Bendrup in the abdomen, thereby inflicting upon the body of the said August Bendrup one certain mortal wound, whereof he, the said August Bendrup, then and there died;" and then closes with the charge "that the defendant, on August 11, 1882, at and within the county of Chautauqua and state of Kansas, did willfully, feloniously, deliberately and premeditatedly kill and murder the said August Bendrup, . . . and is therefore guilty of the offense of murder in the first degree." The information is somewhat awkwardly drawn, and omits, as in the case of *Smith v. The State*, 1 Kas. 365, to charge the intent to kill or murder, except in the closing part; yet we think the language of the information, properly construed, charges that the cutting and stabbing of Bendrup was done by the defendant with a deadly weapon, to wit, a large knife or dirk, held in his hand; that the same was done willfully, deliberately, premeditatedly, and with malice aforethought; that thereby the defendant inflicted upon Bendrup one mortal wound, of which mortal wound Bendrup died; and that the defendant "did willfully, feloniously, deliberately and premeditatedly kill and murder the said Bendrup." Therefore, in our opinion, the information is sufficient to sustain the charge of murder in the second degree. (*Smith v. The State*, supra; *The State v. Brown*, 21 Kas. 38.) Especially do we consider the information sufficient against the objections presented, in view of the fact that it was not attacked by motion to quash, or otherwise, until after the return of the verdict of the jury. (Crim. Code, § 277; *The State v. Jackson*, 27 Kas. 582.)

There is no claim before us that the evidence in the trial court did not sustain the verdict, and no exceptions are presented to the charge of the trial court. We are not to set

aside the information for any surplusage, or for any other defect or imperfection which did not tend to prejudice the substantial rights of the defendant upon the merits. If the offense charged in the information is stated with such a degree of certainty that the court could pronounce judgment upon conviction according to the right of the case, we are not now to interfere. (Crim. Code, §§ 109, 110.) Nor ought we, at this stage of the case, to give such a narrow and technical construction to the language used in the information as to release the defendant, if the facts therein stated in their ordinary acceptation constitute murder in the second degree. "Our criminal code has wisely discarded in pleading many of the old forms of expression and technical requirements which only served to unlock the doors of prisons, and allow the guilty to go free." (*Hintz v. State*, 17 N. W. Rep. 639. See also *The State v. McCord*, 8 Kas. 232; *The State v. Potter*, 15 id. 302; *The State v. Stackhouse*, 24 id. 445; *The State v. Bridges*, 29 id. 138; *The State v. Fooks*, 29 id. 425; *The State v. Yordi*, 30 id. 221.)

The judgment of the district court must be affirmed.

All the Justices concurring.