Hunter v. The State.

Filed April 8, 1885.

---

No. 12,210.

HUNTER v. THE STATE.

INTOXICATING LIQUOR.—*Sale to Minor.—Evidence.*—Under section 2094, prohibiting the sale of intoxicating liquors to minors, the charge will be sustained by proof of a sale directly or indirectly.

SAME.—*Belief as to Age of Minor.*—Where the seller believes, and has good reason to believe, at the time of the sale, that the minor is an adult, he is not guilty of the offence prescribed by the statute.

SAME.—*Evidence.—Instruction.*—In such case, the defendant has a right to show such matters in defence, and the trial court has no right to assume and charge the jury that the offence is complete without regard to such evidence.

INSTRUCTION.—*Stating Elements of Offence.*—When it is undertaken to state all the elements of an offence upon the evidence before the jury, the instruction should be so constructed as not to practically withdraw from the jury competent and material evidence.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

VOL. 101.—16

*F. T. Hord,* Attorney General, *W. B. Hord* and *J. G. Pearson,* for the State.

ZOLLARS, C. J.—Appellant was indicted and convicted under section 2094, R. S. 1881, which provides that whoever directly or indirectly sells, barters or gives away any intoxicating liquors to any person under twenty-one years of age shall be fined.

The prosecuting witness testified that in June, 1884, he went into appellant's saloon and bought of him a glass of lager beer, for which he paid five cents ; that he was then under twenty-one years of age ; that he had been shaving and had a beard on his face.

The appellant testified that at the time mentioned the prosecuting witness Frame, with whom he was but slightly acquainted, came into his saloon in company with George Minor.; that Minor called for two glasses of beer; that appellant asked Frame if he was of age, and he answered that he was; that Minor also said that he knew Frame was of age ;. that appellant then set out two glasses of beer, and received payment from Minor, and that Minor and Frame drank the beer.

This court will not settle the conflict and reverse the judgment upon the weight of the evidence. The indictment charges a sale of liquor to a minor. The court did not err in instructing that the charge will be sustained by proof of a sale directly or indirectly. The sale itself is not the important thing. The purpose of the statute is to prevent minors from getting and using, and thus becoming habitual users, of intoxicating liquors. Whether the sale be direct or indirect, it is still a sale.

In the fourth instruction the court charged the jury as follows : " If Martin Frame and one . George Minor together entered-defendant's saloon, and George Minor called for lager beer for both, and the defendant, knowing that the liquor was to be drunk by both Minor and Frame, set out two glasses of

beer upon the counter, and Minor and Frame both drank the same, and Minor paid for such liquor, such a transaction would be an indirect sale to Martin Frame; and if said Frame was under the age of twenty-one years, the defendant would be guilty of the offence charged."

This instruction we think is erroneous. It is meant, of course, to apply to the testimony of the defendant, in case the jury should conclude to act upon it, and reject the testimony of the prosecuting witness. It charges, in so many words, that if certain facts testified to by the defendant were true, they constituted the complete offence charged in the indictment, and the jury should convict him. When it is thus undertaken to state all of the elements of an offence upon the evidence before the jury, the instruction should be so constructed as not to practically withdraw from the jury competent and material evidence. It was shown that Frame had a beard upon his face. The defendant testified that he was but slightly acquainted with Frame, and that both he and Minor declared that he was over twenty-one years of age. All of this was practically withdrawn from the jury by the instruction in which they were charged that the defendant would be guilty upon the other facts, without any regard to these.

Under the settled rule in this State, if the defendant believed, and had good reasons to believe, that Frame was an adult, he was not guilty of the crime for which he was prosecuted, even though he sold him liquor, and even though he was a minor. *Rineman* v. *State*, 24 Ind. 80; *Farbach* v. *State*, 24 Ind. 77; *Brown* v. *State*, 24 Ind. 113; *State* v. *Kalb*, 14 Ind. 403; *Robinius* v. *State*, 63 Ind. 235; *Moore* v. *State*, 65 Ind. 382.

Appellant had the right to show in defence that he had good reasons to believe, and did believe, that Frame was of age. This he attempted to do. Whether or not he succeeded was a question for the jury, and the court had no right to assume and charge that the offence was complete without regard to

his evidence upon that point.   *Pittsburgh, etc., R. W. Co.* v. *Wright,* 80 Ind. 236; *Growcock* v. *Hall,* 82 Ind. 202.

For this error the judgment must be reversed.   Other objections to the instruction are discussed, but as they may not be material upon a second trial we need not decide anything in relation to them.

Judgment reversed.

Filed April 4, 1885.