Filed April 15, 1886.

---

No. 12,868.

## KREAMER v. THE STATE.

INTOXICATING LIQUOR.— *Indictment.*— *Duplicity.*—An indictment which charges that at, etc., on, etc., " K. did then and there, for the price of ten cents, unlawfully sell to H., a person then and there under the age of twenty-one years, intoxicating, spirituous, vinous and malt liquors," is not bad for duplicity, and a motion to quash should be overruled.

SAME.—*Sale to Minor.*—*Evidence.*—A sale of intoxicating liquor to a minor, where the seller honestly believes such minor to be of full age, after having exercised proper caution in the matter, is not a criminal violation of the statute.

From the Clark Circuit Court.

*J. H. Stotsenburg* and *E. C. Vance,* for appellant.

*F. T. Hord,* Attorney General, *F. B. Burke,* Prosecuting Attorney, and *W. B. Hord,* for the State.

HOWK, J.—In this case the indictment charged that at Clark county, on the 1st day of June, 1885, Christina Kreamer did then and there, for the price of ten cents, unlawfully sell to Calvin Henley, a person then and there under the age of twenty-one years, intoxicating, spirituous, vinous and malt liquors. Upon appellant's arraignment and plea of not guilty, the issue joined by consent was tried by the court, and a finding was made that she was guilty as charged in the indictment, and her punishment was assessed at a fine of twenty dollars. Over appellant's motion for a new trial judgment was rendered against her for the fine assessed and costs.

Errors are assigned here by appellant which call in question the overruling (1) of her motion to quash the indictment, and (2) of her motion for a new trial. We will consider these alleged errors and decide the questions thereby presented in the order of their statement.

1. Did the trial court err in overruling appellant's motion to quash the indictment? This motion was in writing, and two causes were assigned therein for quashing the indictment, namely : *"First.* The indictment does not state any statutory offence. And, *Second.* For duplicity in such indictment, whereby the same is bad." It is manifest that it was intended to charge appellant, in and by the indictment against her, with the statutory offence which is defined and its punishment prescribed in section 2094, R. S. 1881. So far as applicable to the case in hand, this section of the statute provides as follows :

" Whoever, directly or indirectly, sells * * * any spirituous, vinous, malt, or other intoxicating liquors to any person under the age of twenty-one years shall be fined in any sum

not more than one hundred dollars nor less than twenty dollars."

Appellant's learned counsel very earnestly insist in their brief of this cause, that the indictment, the substance of which we have heretofore given, is bad for duplicity, in this, that it charges in a single count the unlawful sale of spirituous, vinous, malt *and* intoxicating liquors. The indictment is badly constructed, and, on that score, is justly subject to criticism, but we do not think it can be correctly charged with duplicity, in the proper sense of that term as applied to an indictment or other pleading. It charges a single sale to one person only, for one price, of a number of commodities, the unlawful sale of either one of which commodities would, under the statute, constitute a public offence. In other words, the indictment charges appellant with only one public offence, punishable with only one punishment. In the recent cases of *Davis* v. *State*, 100 Ind. 154, and *Fahnestock* v. *State*, 102 Ind. 156, we have held, and correctly so, we think, that such an indictment is not bad for duplicity. See, also, *Stockwell* v. *State*, 85 Ind. 522 ; *Stout* v. *State*, 93 Ind. 150 ; *Stout* v. *State*, 96 Ind. 407.

The motion to quash the indictment in the case under consideration was correctly overruled.

2. Under the alleged error of the court in overruling appellant's motion for a new trial, it is claimed by her counsel that the evidence in the record shows, without conflict, that she made the sale of intoxicating liquor to Calvin Henley, as charged in the indictment, after exercising proper caution, in the reasonable and honest belief that he was, at the time of such sale, of full and lawful age. We are of opinion that this claim of appellant's counsel is fully sustained by the record of this cause. Under our decisions, such a sale of intoxicating liquor to a minor, made under such circumstances, is not a criminal violation of our statute, making the sale of such liquor to a minor a public offence. *State* v. *Kalb*, 14 Ind. 403 ; *Rineman* v. *State*, 24 Ind. 80 ; *Goetz* v. *State*, 41

Ind. 162; *Payne* v. *State,* 74 Ind. 203; *Hunter* v. *State,* 101 Ind. 241.

Appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, and the cause remanded for a new trial.

Filed April 14, 1886.