Nov. Term, 1858.

RUBRICHT
v.
THE STATE.

(1) Counsel for the appellee argued as follows :

Now we say that these objections to the evidence of these two witnesses were, beyond all question, not properly taken, and that the overruling of them certainly is not error, for the following reasons :

*First.* The objections were too broad and general. Surely it is law, that whoever objects to evidence, must *as particularly state what he objects to, as* facts must be stated in pleadings. In *Crabs* v. *Mickle,* Judge PERKINS says : "Objections to evidence must be specific, made to particular items of evidence when offered, and not general at the close, to all the evidence that may have been offered." 5 Ind. R. 145. This case is conclusive on the point. And to the same effect is 7 Ind. R. 244.

*Second.* The objections to the evidence of these witnesses was *rightly* overruled, because the ground of the objections was not pointed out by the objector. That this must be done, is settled law in this Court. See *Russell* v. *Branham,* 8 Blackf. 277, and *Stump* v. *Fraley,* 7 Ind. R. 679.

As to both the general nature of these objections, and the omission to state the grounds on which they were made, the case of *Camden* v. *Doremus,* 3 How. 530, is very strong. In that case, it is held that, "Where a general objection is made, in the Court below, to the reception of testimony, without stating the grounds of the objection, this Court [the Supreme Court of the *United States*] considers it as vague and nugatory; nor ought it to have been tolerated in the Court below." See the syllabus at p. 515, and the strong language of Judge DANIEL, at p. 530 of 3 How. *supra.*

---

## RUBRICHT *v.* THE STATE.

Wednesday, January 19, 1859.

APPEAL from the *Bartholomew* Court of Common Pleas.

*Per Curiam.*—Prosecution and conviction for a nuisance.

An instruction given and excepted to, falls within the decision of a majority of the Court in *Williams* v. *The State*, 10 Ind. R. 503, and upon that authority was erroneous.

The judgment is reversed, &c.

*W. Herod* and *S. Stansifer*, for the appellant.