## FOLTZ *v.* THE STATE.

CRIMINAL LAW.—*Sabbath.— Desecration of.—Constitutional Law.*—That the "act for the protection of the Sabbath, and providing penalties for the desecration thereof" (2 G. & H. 481), is constitutional, must be regarded as settled.

SAME.— *Indictment.— Evidence.— Variance.*—An indictment for desecrating the Sabbath charged, that the defendant "was found unlawfully at common labor and engaged in his usual avocation, to wit, then and there selling and delivering to William Dillon one cigar and receiving from him ten cents in payment therefor," &c.

*Held*, that the indictment alleged, substantially, that selling cigars was the defendant's usual avocation.

*Held*, also, that evidence that making and selling cigars was the defendant's business, was admissible.

*Held*, also, that proof that the sale charged was made to William *P.* Dillon, was not a material variance.

SAME.—*Opinion of Witness.*—On the trial of an indictment for desecrating the Sabbath, a witness stated as his own opinion merely, that the defendant

33 215,
152 660

33    215
170   190

was over fourteen years of age, and testified that the defendant was keeping house, living with a woman as his wife, whom the witness supposed to be the defendant's wife; that they lived together as husband and wife; and that the defendant had a mustache.

*Held,* that this evidence was sufficient to justify a finding that the defendant was at least fourteen years of age.

APPEAL from the Jefferson Criminal Circuit Court.

ELLIOTT, J.—The appellant was indicted under the act of 1855 (2 G. & H. 481), for desecrating the Sabbath, by being engaged on that day "in his usual avocation, to wit, then and there selling and delivering to William Dillon one cigar" for ten cents.

The indictment alleged the date, and averred that it was the first day of the week, commonly called Sunday, and contained proper averments negativing the fact that the transaction was within any of the exceptions contained in the act.

A motion to quash was interposed and overruled. A trial of the cause by the court, on a plea of not guilty, resulted in a conviction and judgment.

It is urged that the law under which the prosecution was had is obnoxious to the constitution of the State.

We decline the discussion of this question, for the reason that the act in question has been so long recognized and acted upon, and so often affirmed by this court, that it cannot longer be regarded as an open question in this State. See *Voglesong* v. *The State,* 9 Ind. 112.

The indictment is also objected to on the ground that it does not sufficiently allege that the sale of cigars was the appellant's "usual avocation." The language of the indictment is, that the appellant "was found unlawfully at common labor and engaged in his usual avocation, to wit, then and there selling and delivering to William Dillon one cigar and receiving from him ten cents in payment therefor." The language is not the most apt for a clear expression of the idea evidently intended by the draftsman; but the only reasonable and fair construction that can be given to it is, we think, that selling cigars was the appellant's usual avo-

cation, and that in the pursuit thereof he sold a cigar to Dillon on Sunday.

On the trial, Dillon, the prosecuting witness, was permitted to testify that the appellant's business was making and selling cigars, to which the appellant excepted. The evidence was clearly admissible.

There is nothing in the alleged variance between the name of "William Dillon," to whom the cigar is alleged, in the indictment, to have been sold, and the proof that his name was William P. Dillon. Had the facts been reversed, a more plausible objection would have been presented.

Another ground of objection to the finding is, that the evidence does not sufficiently prove that the appellant was fourteen years of age at the time of the sale. Dillon, on the original examination, testified that the appellant was over fourteen years of age. On cross examination he stated, "I do not know that the defendant is over fourteen years of age, of my own knowledge; don't know when he was born; have never heard him say; have never heard it talked about. It is only my opinion that he is." And then on his re-examination he said, "the defendant is keeping house, and lives with a woman as his wife, whom I suppose to be his wife. They live together as husband and wife. Defendant has a mustache."

This evidence is sufficient to justify the finding that the appellant was at least fourteen years of age.

We think the finding and judgment correct, from the evidence, and find no reason for a reversal of the judgment.

Judgment affirmed, with costs.

*J. L. Wilson* and *E. R. Wilson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.