## WHITE *v*. THE STATE.

CRIMINAL LAW.—*Evidence.*—*Intention of Defendant.*—*Larceny.*—On the trial of an indictment for larceny, the defendant is competent to testify as to what his intention was, at the time the goods, with the stealing of which he is charged, came into his possession, in regard to taking and converting them to his own use.

From the Miami Circuit Court.

*J. L. Farrar* and *J. Farrar*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

NIBLACK, J.—At the April term, A. D. 1876, of the Miami Circuit Court, the appellant was indicted for grand larceny.    The indictment charges, that the appellant did " unlawfully and feloniously steal, take and carry away fifty pounds of bacon, of the value of seven dollars and fifty cents, of the personal goods and chattels of one Noah W. Trissall."    There was a plea of not guilty, and, on the trial which followed, there was a verdict of guilty, assessing the fine at fifteen dollars, fixing the punishment at two years in the state prison, and his disfranchisement at the same period of time.    A motion for a new trial was overruled, and judgment rendered on the verdict.    The evidence is all in the

record, and the necessary exceptions properly reserved. One of the errors assigned is the refusal of the court below to grant a new trial, as prayed for by the appellant.

The first reason assigned in support of the motion for a new trial was the exclusion by the court of certain testimony offered by the appellant.

The appellant was examined as a witness on the trial, in his own behalf, and testified, amongst other things, as to the circumstances under which he came into the possession of the meat, which it was alleged he had stolen. His attorney inquired of him, in substance, what his intention was, if he had any, at the time of receiving said meat, in regard to taking and converting the same to his own use. Objection was made to that question, because, as was alleged, the intention which the appellant may have then had was not a subject-matter of proof in that way. The objection was sustained, and the proposed testimony excluded. It was the exclusion of this testimony of which the appellant complained in his motion for a new trial.

In the case of *Greer* v. *The State, ante,* p. 420, decided at the present term, this court held that, in a criminal proceeding, where the intent is the gist of the offence charged, the defendant is a competent witness to testify as to the intention with which he did the alleged criminal act. That the objection, if any, to such testimony, must go to the defendant's credibility, and not to his competency. We regard the rule thus laid down on that point as the proper construction of the law, since defendants have been permitted to testify on their own behalf in criminal cases, and we still adhere to it.

In a criminal cause, the intent is a fact known to, and peculiarly within the knowledge of, the defendant, and we see no well founded reason why he may not testify concerning it, as he might as to any other fact of which he has knowledge. Because the intent is a fact which cannot, in the nature of things, be positively known to others, and is, hence, a matter about which other witnesses cannot directly testify,

does not, in our opinion, affect the rule above laid down as to the competency of the defendant in that respect.

We are clearly of the opinion, therefore, that the court below erred in excluding the proposed testimony of the appellant as to the intention existing in his mind when he came into the possession of the meat which he is charged with having stolen.

There are other errors assigned on the record of this cause, and other causes for a new trial were assigned in the court below, but the view we have already taken as to the action of that court, in excluding the proposed testimony of the appellant, renders it unnecessary for us to consider any of the other alleged errors at present.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for a return of the prisoner.