### McCarthy v. The State.

CRIMINAL LAW.—*Desecration of Sabbath.—Indictment.—Duplicity.*—An indictment for desecration of the Sabbath, charging the defendant with having been found on that day "unlawfully at common labor and engaged in his usual avocation, to wit," etc., is not bad for duplicity.

SAME.—The indictment in such case need not aver what the usual avocation of the defendant was.

SAME.—*Instruction to Jury.—Province of Jury.*—On the trial of a criminal cause, it is error in the court to refuse to instruct the jury that they "are the exclusive judges of the law and the facts."

From the Marion Criminal Circuit Court.

*F. Mattler* and *H. W. Harrington*, for appellant.

*J. E. Heller*, Prosecuting Attorney, and *C. A. Buskirk*, Attorney General, for the State.

NIBLACK, J.—This was a prosecution for a violation of the Sunday law. 2 R. S. 1876, p. 483.

The indictment charged, "that Simon McCarthy, on the 26th day of November, A. D. 1876, at and in the county of Marion and State of Indiana, was then and there found unlawfully at common labor and engaged in his usual avocation, to wit, then and there operating, managing and carrying on a theatre and a theatrical exhibition, and presenting to all persons, who did and might attend the same, a musical and dramatic entertainment, and a large number of persons did attend said exhibition and entertainment, the same being then and there exhibited and presented by the said McCarthy for the purpose of gain, he, the said McCarthy, being then a person over fourteen years of age, [and] the said 26th day of November, A. D. 1876, being the first day of the week, commonly called Sunday."

The indictment also contained proper averments, showing that such common labor and usual avocation did not fall within any of the exceptions named in the statute alleged to have been violated.

The court overruled a motion to quash the indictment, to which the defendant excepted.

After a plea of not guilty had been entered, the cause was tried by a jury, and the defendant found guilty. A motion for a new trial was entered and overruled, and there was judgment on the verdict.

It is objected that the indictment is bad for duplicity, because two offences are included in the charge that the defendant was found at common labor and engaged in his usual avocation on Sunday. Also, that the indictment ought to have averred what the usual avocation of the

defendant was, preliminary to the charge constituting the supposed offence, complained of. Objections similar to these have heretofore been ruled upon by this court and settled adversely to the positions assumed by the defendant. See *Shafer* v. *The State*, 26 Ind. 191 ; *Foltz* v. *The State*, 33 Ind. 215. We think the court did not err in overruling the motion to quash the indictment.

On the trial, the defendant, at the proper time, requested the court to instruct the jury, " that the jury in this case are the exclusive judges of the law and facts."

The court refused to give the instruction, to which ruling the defendant excepted, and this refusal was assigned as one of the causes for a new trial.

Although the early decisions on the subject in this State are not entirely in accord, the weight of authority seems to have established, that, at common law, the jury in criminal cases were the exclusive judges of the evidence, but were bound to believe the law to be as it was given in charge to them by the court. But the Constitution of 1851 changed the rule. Sec. 19, article 1, of that instrument declares, that, " In all criminal cases whatever, the jury shall have the right to determine the law and the facts."

Under our code of procedure in criminal cases, it is still the duty of the court to rule upon and to decide all questions of law which may arise in the preliminary proceedings in a criminal cause. Also, to charge the jury as to "all matters of law which are necessary for their information in giving their verdict." 2 R. S. 1876, p. 402, sec. 113.

The court, too, may grant new trials in certain cases, and may thus impede and restrain the jury to a limited extent. Yet this authority to charge the jury as to matters of law, and to grant new trials in certain cases, constitutes an advisory power only, and does not deprive the jury of their right, under the constitution, to determine the law for themselves, when a criminal cause is submitted

to.them. for.their ultimate·decision on.its merits.    In such a case, they are now the exclusive judges of the law as well as the evidence.    *Williams* v. *The State,* 10 Ind. 503;. *Rubricht* v. *The State,* 11 Ind. 540.

The court below manifestly erred in refusing to give the instruction requested by the defendant.

Several other questions were reserved. on the trial, and are presented to us by the record, but as the judgment must be reversed for the reasons already given, we will not consider them now.    They may not·arise on a subsequent trial of the cause.

The·judgment is reversed, and the cause remanded for a new trial.