Ross *v.* The State.

Judgment affirmed.

Filed Nov. 9, 1888; petition for a rehearing overruled Jan. 9, 1889.

---

·No. 14,695.

## Ross *v.* The State.

CRIMINAL LAW.—*Indictment.*—*Variance.*—Where an indictment for the unlawful sale of intoxicating liquor charges that the sale was made to William Lankford, Jr., but the evidence proves that it was made to William H. Lankford, the variance is not fatal.

SAME.—*Supreme Court.*—*Evidence.*—Where there is evidence in the record tending to support every material charge in such indictment, the Supreme Court will not interfere with the finding of the court below.

SAME.—*Intent.*—*Harmless Error.*—A defendant in a criminal case may testify to the intent with which the offence was committed, but when he has testified fully as to the intention, and the inquiry seeks to elicit an immaterial fact, it is not error for the court below to sustain an objection to a question as to his intention.

From the Knox Circuit Court.

*W. A. Cullop* and *C. B. Kessinger*, for appellant.

*L. T. Michener*, Attorney General, *O. H. Cobb*, Prosecuting Attorney, and *J. C. Adams*, for the State.

COFFEY, J.—In this case the appellant was indicted, tried

and convicted for an unlawful sale of intoxicating liquor to William Lankford, Jr., who was, at the time of such sale, under the age of twenty-one years. From the judgment of conviction he has appealed to this court, and has here assigned as error the overruling of his motion for a new trial.

The first contention of the appellant is, that there is a fatal variance between the indictment and the evidence in the cause. The supposed variance consists in this : It is charged in the indictment that the sale was made to William Lankford, Jr., while the evidence proves that it was made to William H. Lankford.

This has been held not to be a fatal variance. *Foltz* v. *State*, 33 Ind. 215 ; *Choen* v. *State*, 52 Ind. 347 ; *Miller* v. *State*, 69 Ind. 284.

It is also contended by the appellant that the finding of the court below is not sustained by sufficient evidence.

If a person sells intoxicating liquor to one having the appearance of being of full age, he is not liable to criminal prosecution if such sale be made in good faith, after due caution and in the honest belief that the purchaser is an adult, though in fact he is a minor. *Goetz* v. *State*, 41 Ind. 162 ; *Payne* v. *State*, 74 Ind. 203 ; *Hunter* v. *State*, 101 Ind. 241 ; *Kreamer* v. *State*, 106 Ind. 192.

As to Lankford's age, there is no conflict in the evidence. It may be conceded that at the time of the sale he was a minor.

The controversy on the trial related to his appearance and to the caution used by the appellant. Upon this branch of the case there is much conflict in the evidence. There is evidence in the record tending to support every material charge in the indictment. In such case this court will not interfere with the finding of the court below.

It is further contended that the circuit court erred in excluding certain evidence offered by the defendant on the trial. It appears by the record that the defendant testified as a witness in his own behalf.

After testifying that Lankford had the appearance of being a man of full age, that he had told him he was of age, and had voted at the preceding April election for township trustee, that he had exercised due care and caution to ascertain the age of the purchaser, and had sold him the liquor charged in the indictment in good faith, believing him to be over twenty-one years old, his counsel propounded to him this question : "Had you any intention of violating the law in making the sale to Lankford, as charged in the indictment?"

To this question the court sustained an objection, to which action of the court the appellant excepted.

Before defendants in criminal cases were permitted to testify in their own behalf there were no means of ascertaining the intent with which they did any particular act, except as it could be inferred from the facts and circumstances attending it.   The intent, however, was always a fact necessary to be established where it constituted an essential element in the crime charged.   Now that defendants are permitted to testify in their own behalf there can be no valid reason assigned why they should not be allowed to testify to the intent with which any act was done, where such intent is a fact necessary to be ascertained.

It is believed that there is no authority holding that they may not do so.   7 Criminal Law Magazine, 273 ;  22 Central Law Journal, 271 ;  *Greer* v. *State*, 53 Ind. 420;  *Over* v. *Schiffling*, 102 Ind. 191;  *White* v. *State*, 53 Ind. 595.

But in this case, as we have seen, the appellant, before the question above set out had been propounded to him, had fully testified as to his intention, so far as such intention was a material fact in his case.   Furthermore, the question is in itself objectionable.   It seeks to elicit an immaterial fact. It was not important to know whether the defendant intended to violate the law, for he might have been ignorant of its provisions.   The material question was, did he intend to do

that which the law prohibits. We do not think the court erred in sustaining the objection to this question.

We find no error in the record for which the judgment below should be reversed.

The judgment is affirmed.

