## REPUBLIC OF HAWAII *v.* KAN YAU.

### EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED JUNE 28, 1897.          DECIDED SEPTEMBER 15, 1897.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY, IN PLACE OF JUDD, C.J., ABSENT.

Sec. 1, Ch. 62, Laws of 1890, makes it "unlawful to sell or furnish tobacco in any shape or form whatsoever to minors under the age of fifteen years." Held,

A sale to such a minor for an undisclosed principal is a violation of the statute.

A sale to such a minor upon his false representation that he is acting for a named principal is a violation of the statute.

#### OPINION OF THE COURT BY FREAR, J.

The defendant was tried before a jury and convicted in the Circuit Court, on appeal from the District Court of Hanalei, Kauai, of violating Sec. 1, Ch. 62, Laws of 1890, which makes it "unlawful to sell or furnish tobacco in any shape or form whatsoever to minors under the age of fifteen years."

The evidence shows that a policeman gave a minor eleven years old fifty cents and told him to go to the defendant's store and buy tobacco. This the minor did. Defendant and another Chinese witness testified that the minor said the tobacco was for his father. The minor testified that defendant did not ask whom the tobacco was for.

Defendant requested the court to instruct the jury that, "If

the jury believe that in fact the boy did not wish to obtain the tobacco for himself and that the defendant believed that it was for the use of another party he should be acquitted." The court refused to give this instruction and the exception to this refusal is the only exception that we need consider.

It is argued for the defendant, from the general law of sales, that the sale in this case was made to the minor as agent for another and that the only question of fact in dispute was whether the principal was the policeman or the minor's father; that if the policeman was the principal the sale was to him and not to the minor; and that, if the minor falsely told the defendant that his father was the principal there was no sale at all, because the minds of the defendant and the father did not meet, and the defendant did not assent to a sale to anyone else. Benj. Sales, Sec. 60.

As to the minor and the policeman, the minor certainly did not disclose his principal and the rule is that in such case the sale is to the agent as well as to the principal. As to the minor and the father, the rule that there is no sale where the buyer falsely represents that another is his principal does not apply to a sale for cash, for in such case the identity of the person is not an important element in the sale, as it would be if the sale were on credit. *Ib.*, Sec. 62. It is argued, however, that in the present case the identity of the buyer was important notwithstanding the fact that the sale was for cash. That may be, so far as the penal consequences are concerned but not so far as the penal conduct of the seller is concerned. The object of the law is to prevent the use of tobacco by minors under the age of fifteen years, and the seller, knowing the law, sells to a minor at his peril. If a false statement by the minor would shield the seller, the law could easily be evaded. It is incumbent on the seller to ascertain whether the minor really has the authority he asserts.

These views are fully sustained by decisions made under statutes prohibiting the sale of liquor to minors and other similar statutes. Thus, it is held that a sale to a minor for a disclosed principal is a sale to the principal and not to the minor and hence

not a violation of the statute, for the letter of the statute is not violated because the sale is not to the minor, nor its spirit because the tobacco is not for the minor's use. *State. v. McMahan*, 53 Conn, 407; *Laing v. State*, 28 S. W. (Tex.) 1040; *Monaghan v. State*, 6 So. (Miss.) 241; *State v. Walker*, 9 S. E. (N. C.) 582. But a sale to a minor for an undisclosed principal is a sale to the minor and a violation of the statute, *Siceluff v. State*, 11 S. W. (Ark.) 964, even though the minor states that he is acting as agent but without naming his principal; *State v. Neelly*, 28 S. W. (Ark.) 800. And if the minor falsely represents that he is acting for a named principal, it is still a sale to the minor; *Com. v. Finnegan*, 124 Mass. 324; *People v. Garrett*, 68 Mich. 487; *Holmes v. State*, 88 Ind. 145. So, if he falsely represents that he is of age. *State v. Kinkead*, 57 Conn. 173; *Com. v. Emmons*, 98 Mass. 6; *Com. v. Joslin*, 158 *Ib.* 482. In Indiana, however, it is held that if the seller took proper precautions to ascertain the buyer's age and honestly believed he was an adult, he is not guilty, but merely asking the minor is not sufficient to amount to proper precaution. *Ross v. State*, 116 Ind. 495; *Milreed v. State*, 107 *Ib.* 62. In Massachusetts after the court decided that a sale to a disclosed principal was not within the statute, the statute was amended so as to prohibit a sale to a minor "for his parent's use, or for the use of any other person." *Com. v. O'Leary*, 143 Mass. 95.

If an instruction had been asked framed on the theory that the boy might in fact have been acting as agent for his father, we might be obliged to hold that it should have been given; for there is some evidence to support that theory though the evidence is stronger the other way. But the instruction requested is too broad. It is not sufficient, as stated in the first part of the instruction, "that in fact the boy did not wish to obtain the tobacco for himself." His principal must be disclosed. Nor is it sufficient, as stated in the latter part of the instruction, "that the defendant believed that it (the tobacco) was for the use of another party." He must know or at least take proper precau-

tion to find out and have good reason to believe that the tobacco is for the use of another and also who that other is.

The exceptions are overruled.

*Dep. Atty.-Gen'l Dole* for prosecution.

*A. G. M. Robertson* for defendant.