## MURPHY v. STATE OF INDIANA.

[No. 22,791. Filed November 17, 1915.]

1. CRIMINAL LAW. — *Accessories.* — *Conviction.* — *Statutes.* — Under §2095 Burns 1914, Acts 1905 p. 584, §224, providing that an accessory may be prosecuted in the same manner as if he were a principal, an accused can not lawfully be convicted as an accessory before the fact without evidence sufficient to show guilt of the principal. p. 16.

2. CRIMINAL LAW.—*Accessories.*—*Evidence.*—*Verdict.*—Where the evidence, though circumstantial, is such as to justify the inference that a crime such as is charged, was committed by the principal, a verdict of guilty in the prosecution of one charged as an accessory is not contrary to law as not being sustained by the evidence. p. 16.

3. CRIMINAL LAW. — *Appeal.* — *Review.* — *Evidence.*—*Verdict.*—The Supreme Court will not disturb the verdict or reverse on the evidence, unless there is an absolute failure on some material point. p. 17.

4. CRIMINAL LAW.—*Accessories.*—*Evidence.*—*Sufficiency.*—In a prosecution against one as accessory before the fact of the crime of abortion, the question of whether the proof pointed conclusively to the guilt of the accused was for the jury, and in view of evidence from which the jury had a right to conclude that the crime charged had been committed by the principal, and to connect accused therewith, the verdict finding him guilty will not be disturbed on appeal. p. 17.

From Howard Circuit Court; *William C. Purdum*, Judge.

Prosecution by the State of Indiana against Evert Murphy. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Joseph C. Herron*, for appellant.

*Richard M. Milburn*, Attorney-General, *Donald P. Strode*, *Horace M. Kean*, *Leslie R. Naftzger*, *Omer S. Jackson*, *Michael A. Sweeney* and *Wilbur T. Gruber*, for the State.

ERWIN, J.—Appellant was found guilty as an accessory before the fact of the crime of abortion, and presents but one error for reversal, viz., that the court erred in overruling his motion for a new trial. The motion for a new trial contains three reasons, (1) that the verdict is contrary to law, (2) the verdict is not sustained by sufficient evidence, (3) the verdict is contrary to the evidence.

It is insisted by appellant that he can not be lawfully convicted as an accessory before the fact without evidence sufficient to show guilt of the principal. This is true. *McCarty* v. *State* (1873), 44 1. Ind. 214, 15 Am. Rep. 232. Under our statutes an accessory "may be charged by indictment or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted." §2095 Burns 1914, Acts 1905 p. 584, §224. If the evidence is such, even though circumstantial, that a jury could infer 2. that a crime, such as is charged, had been committed by the principal, then the verdict is not contrary to law, as not being sustained by the evidence. *Lee* v. *State* (1901), 156 Ind. 541, 60 N. E. 299; *Larkin* v. *State* (1904), 163 Ind. 375, 71 N. E. 959; *Osburn* v. *State* (1905), 164 Ind. 262, 73 N. E. 601.

The Supreme Court in a criminal case will not dis-

turb the verdict or reverse the judgment on the evidence, unless there is an absolute failure on some material point. *Osburn* v. *State, supra; Lee*

3. v. *State, supra.* Whether the proof does or does not point conclusively to the guilt of the accused is a question for the jury, and where

4. there is some evidence incriminating in character sufficient to convince the jury trying the case of the guilt of the accused, the Supreme Court will not disturb the judgment of the trial court. *Thain* v. *State* (1914), 182 Ind. 345, 106 N. E. 690. We have examined the evidence in this cause, and are of the opinion that it is of such a character that the jury had the right to conclude that the crime charged had been committed by the principal, and also to connect appellant therewith. Judgment affirmed.

NOTE.—Reported in 110 N. E. 198. See, also, under (1) 12 Cyc 195; (3) 12 Cyc 906; (4) 12 Cyc 592.