COX *v.* STATE OF INDIANA.

[No. 30,471. Filed October 20, 1964. Rehearing Denied December 16, 1964.]

*Edward F. New, Jr.,* and *Palmer K. Ward,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General of Indiana, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged with the crime of "attempt to commit robbery while armed" and inflicting physical injury in an attempt to commit robbery. He was found guilty of the attempt to commit robbery while armed and not guilty of the second offense and sentenced accordingly.

The only questions raised on appeal are the contention that the appellant is not guilty as a principal, but as an accessory after the fact, and the further contention that there was no evidence that the person attempted to be robbed had any money on him, nor is there any evidence of ownership of any money.

A brief review of the evidence shows that there is no substance to either of these contentions. Briefly, the evidence shows that one Johnny Meadows, dressed as a woman, drew a pistol on one Huskisson behind the

bar of the Grand Canyon Inn located at English and State Streets, Indianapolis, Marion County, Indiana. At that time Huskisson was waiting on various patrons in the tavern. At the time Meadows stated: "I'm takin' the place in, I'm takin' it." to the bartender. The bartender stated he had no money but Meadows stated: " . . . I'm taking what the customers has got", and the bartender answered "You'll do it over my dead body." At that time the bartender grabbed a gun and shot Meadows, who ran out a door of the tavern to a car in which the appellant was waiting. It drove off with Meadows. Numerous witnesses testified to these facts and identified the appellant. The appellant, however, claimed an alibi that shortly before the alleged attempted robbery he was home with his wife. However, other testimony by numerous witnesses is to the effect that from about 8:00 p.m. prior to the attempted robbery, he and Meadows were seen together almost continuously during the night. Shortly after the holdup the brother of James Meadows testified that he saw the appellant in the front seat of the car parked behind Blake's Tavern and with him was the appellant, then mortally wounded. The appellant admits that from early evening until near the time of the attempted robbery, he was with Meadows also.

With this evidence the triers of the fact had sufficient grounds to believe that the appellant participated actively in the alleged offense; that he had knowledge of it before it occurred and collaborated in arranging for Meadow's escape.

" . . . presence of one at the commission of a felony and companionship with another engaged therein, and a course of conduct before and after the offense, are circumstances which may be considered in determining whether aiding and abetting may be inferred." *Roberts* v. *State* (1964), 245 Ind. 185, 197 N. E. 2d 304, 306.

There is ample evidence from which the triers of the fact could find that the appellant Cox was, for nearly five hours, continuously in the company of Johnny Meadows, who attempted the robbery. Thus the appellant would become an accessory before the fact within the statutory intendment. Acts 1905, ch. 169, §224, p. 584, being Burns' §9-102, 1956 Repl.

Appellant contends that there is a failure of proof in that there is a failure to prove any money was taken and the ownership thereof. This scarcely needs an answer when it is pointed out that the crime charged here is that of an *attempt* to commit a robbery. There is evidence of physical violence here and a threat to take property, made by Meadows. Under the circumstances, in our opinion this is sufficient to show an attempted robbery. The intent to commit robbery was made plain by Meadow's own statement at the time. The crime charged was amply proved. 77 C. J. S., *Robbery*, §63, p. 525; 8 I. L. E., *Criminal Law*, §10, p. 87; *Barrick* v. *State* (1954), 233 Ind. 333, 119 N. E. 2d 550.

On appeal, only the evidence most favorable to the State will be considered, as well as all reasonable and logical inferences that may be drawn therefrom. In our opinion, the State proved its case. *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537.

Judgment affirmed.

Achor, C. J., and Myers and Landis, JJ., concur.

Jackson, J., dissents with opinion.

#### DISSENT

JACKSON, J.—I cannot agree with the majority opinion on two counts.

First, there is insufficient evidence of probative value to prove beyond a reasonable doubt that "Johnny Meadows," deceased at the time of the trial, was the man who attempted the robbery.

Lacking that proof, the conviction of appellant cannot be affirmed as the State did not establish the guilt of Johnny Meadows of the crime of attempted robbery, hence the finding and judgment of the court convicting appellant is contrary to law. *Scott, Burton* v. *State* (1958), 238 Ind. 667, 154 N. E. 2d 107; *Coughlin* v. *State* (1950), 228 Ind. 393, 92 N. E. 2d 718; *Shonfeld* v. *State* (1942), 219 Ind. 654, 40 N. E. 2d 700; *Murphy* v. *State* (1915), 184 Ind. 15, 110 N. E. 198.

Second, the doctrine enunciated by the majority opinion

". . . presence of one at the commission of a felony and companionship with another engaged therein, and a course of conduct before and after the offense, are circumstances which may be considered in determining whether aiding and abetting may be inferred. *Roberts* v. *State* (1964), 245 Ind. 185, 197 N. E. 2d 304.

is foreign to the criminal code of this State and is predicated on a minority rule relied on by other jurisdictions. The rule in Indiana is that guilt must be proved beyond a reasonable doubt.

Without further extending this dissent, it is sufficient to say the judgment of conviction should be reversed and the cause remanded to the trial court with instructions to grant the motion for a new trial.

NOTE.—Reported in 201 N. E. 2d 693.