KYSER v. STATE OF INDIANA.

[No. 30,643. Filed June 17, 1966.]

*Albert W. Ewbank* and *Roy A. Pope*, of Indianapolis, for appellant.

*John J. Dillon*, Attorney General, and *Carl E. Van Dorn*, Assistant Attorney General, for appellee.

RAKESTRAW, C. J.—The appellant was charged in the court below with being an accessory before the fact to the false attesting of an affidavit. The charge was apparently one of many criminal affidavits filed as a result of a Marion County "license scandal." An affidavit for change of venue from the county was filed, supported by affidavit and clippings from numerous newspaper accounts. A change of venue was denied by the trial court, and after a trial by jury, the appellant was convicted and given a one to three year sentence in the state prison.

In his motion for new trial, the appellant assigned as error among other specifications, that the verdict was not sustained by the evidence, and that the verdict was contrary to law.

In brief, the evidence for the state consisted of the testimony as follows:

One Clinus McClure testified that he told the appellant that he had not paid his property tax and asked him if he could get license plates for him and appellant said he could. He then testified that he signed his certificate showing payment of property tax, gave it to the appellant, together with $25.00, and later received his license plate from appellant. The entire transaction took place in a tavern in which the appellant was working. He did not sign the certificate before a notary or take an oath when he signed the certificate.

An employee of the Bureau of Motor Vehicles identified the certificate signed by the witness Clinus McClure, which showed the certificate to be notarized by one Norma L. Norris.

The administrator of the Security Administration of the state testified that he is custodian of records pertaining to notaries and that Norma Norris was a notary according to their records.

An examiner of questioned documents identified the signature on the certificate in question as being the signature of said Norma L. Norris, judging from other examples of her handwriting.

The evidence for the defendant consisted of the testimony of Norma L. Norris and the defendant himself. Norma L. Norris testified that she was a notary public, and at the time the signature was notarized, had just taken over the license branch on Virginia Avenue in January. That following the practice that had been carried out previously, they would take the applications with the certificates during the day. After the license branch office was closed, the girls in the branch who were notaries would divide the applications among them and notarize the certificates. She testified that it was her signature on the certificate of Clinus McClure, and she did not know in what manner she had received the certificate for notarization. The defendant testified that he took the certificate from Clinus McClure as a personal favor for a friend, that he gave it to a Mr. Biehl, who was his precinct committeeman, that the license plate was returned to his tavern in his absence, and that he later gave it to Mr. McClure. He testified that he did not know Norma Norris, had never seen her before the trial, and that he did not keep any of the money that was given to him.

It is of course true that this court will not weigh the evidence presented at the trial, but that the weight and credibility

of all the evidence is the exclusive province of the jury. *Barnes* v. *State* (1965), 246 Ind. 485, 205 N. E. 2d 539; *Anderson* v. *State* (1959), 239 Ind. 372, 156 N. E. 2d 384.

It is also well established that a conviction can rest upon circumstantial evidence alone, where there is substantial evidence of probative value to support every element of the offense charged. *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Wagner* v. *State* (1963), 243 Ind. 570, 188 N. E. 2d 914. However, it is still necessary that in order for the state to convict a defendant, it must prove beyond a reasonable doubt every element of the offense charged. A conviction cannot be sustained unless there is substantial evidence of probative value to support every such element. *Greenwalt* v. *State, supra; Wagner* v. *State, supra.*

Taking the evidence for the state only, it seems that there is no more than a possibility that the defendant could have contemplated a false attestation. There is no evidence that such a certificate had to be notarized before the license could be issued. There is no evidence that the defendant gave the certificate to anyone and asked that it be notarized. In fact the evidence indicates that the certificates which were mailed to the license bureau need not have been notarized. There is no evidence connecting the defendant with Norma L. Norris, and there is no evidence that Norma L. Norris falsely attested the affidavit other than the fact that Clinus McClure testified that he had not sworn before Norma Norris.

When the evidence for the defense is added, it appears by uncontradicted evidence that the certificate in question was probably notarized by Norma Norris without knowledge that the affiant Clinus McClure had not appeared and signed the certificate in her presence.

In order for the evidence to be sufficient to justify a conviction of an accessory, it must also show the guilt of the principal. *Shonfeld* v. *State* (1942), 219 Ind. 654, 40 N. E. 2d 700; *Murphy* v. *State* (1915), 184 Ind. 15, 110 N. E. 198.

While there are few cases involving the particular statute here involved (Burns' Ind. Stat. Anno. § 10-3602, 1956 Repl.), the cases we do have indicate that a violation of this ■ statute must involve a conscious act of certifying that a person was sworn before a notary when it was known to the notary that the person had not sworn before him. Likewise, where the cases have involved charges against an accessory, the accessory has taken positive steps to induce a notary to make such a false attestation. See: *Peak* v. *State* (1960), 240 Ind. 334, 163 N. E. 2d 584; *Shonfeld* v. *State, supra; Klink* v. *State* (1932), 203 Ind. 647, 179 N. E. 549; John's American Notaries, 5th Ed. 334, p. 45.

Were there definite evidence in the case of the offense of false attestation and of the participation in or the procuring of such false attestation by the appellant, much of ■ the evidence in this case would be proper supporting evidence. However, after carefully examining the record we are of the opinion that there is not sufficient evidence to justify a finding that the offense of false attestation was committed, nor was there sufficient evidence to show that the appellant could be an accessory in such an offense.

It is therefore unnecessary to discuss the remaining assignment of error listed by the appellant.

The judgment of the trial court is reversed and the court is directed to sustain the appellant's motion for a new trial.

Arterburn, Jackson & Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 217 N. E. 2d 585.